**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| JEREMY JASON BECKER,  :  <br> : Civ. No. 19-13355 (RMB) <br> Petitioner, : <br> : <br> v. : **OPINION** <br> : <br> MR. LEITH, *et al.*, : <br> : <br> Respondents. : | |

**BUMB**, District Judge

Petitioner Jeremy Jason Becker, a pre-trial detainee confined in Burlington County Detention Center in Burlington, New Jersey, filed a self-styled "Petition for a Writ of Habeas Corpus Mandamus," which this Court construes as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because Petitioner challenges the basis for his pre-trial detention. (Pet., ECF No. 1.) This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ...."[1]

I. <u>THE PETITION</u>

Petitioner was arrested in Burlington County, New Jersey,

---

[1] Rule 4 is also applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, Scope of the Rules.

sometime before June 4, 2019. (Pet., ECF No. 1.) Petitioner is seeking release from pre-trial detention with dismissal of all charges. (Pet., ECF No. 1, ¶¶13, 14.) Petitioner alleges false arrest, unreasonable search and seizure, failure to read his Miranda Rights, and that the Court lacks jurisdiction because he is a sovereign citizen. (See generally, Petition, ECF. No. 1.)

II. DISCUSSION

28 U.S.C. § 2254(a) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Petitioner is a pre-trial detainee. Therefore, he is not in custody pursuant to the judgment of a State court and § 2254 is inapplicable to him.

Under limited circumstances, federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus to a pre-trial detainee in state custody. Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). The Court will construe the petition as having been brought under § 2241.

Jurisdiction without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. Moore, 515 F.2d at 443. "[W]here [a]

2

petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.2d at 443. "[J]urisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting Moore, 515 F.2d at 445–46).

There is nothing extraordinary about Petitioner's constitutional defenses, which include false arrest and violation of his Miranda rights. Petitioner must first present his defenses in state court and may seek habeas relief, if necessary, once he has exhausted his state remedies.

III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner's claims are unexhausted and he has not presented extraordinary circumstances for pre-trial habeas relief.

**Dated: March 27, 2020**

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**